**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:19-cv-311-FDW**

| | | |
|---|---|---|
| CHRISTOPHER LEE MICHELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| QUINTIN MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Amended Complaint, (Doc. No. 13). Several *pro se* Motions are also pending. (Doc. Nos. 6, 10, 11, 12, 14). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 8).

## I.    BACKGROUND

*Pro se* Plaintiff is currently incarcerated at the Buncombe County Detention Facility where the incident at issue allegedly occurred. He names as Defendants: Buncombe County Sheriff Quintin Miller, Buncombe County Detention Facility Detention Officer FNU Maxwell, Asheville defense attorney Dustin Dow, and Buncombe County Detention Facility Medical Department P.A. Colby Dodd. Plaintiff alleges that Dow and Dodd were "not" acting under the color of law when the claims occurred. (Doc. No. 13 at 2).

Construing the allegations liberally and accepting them as true, Plaintiff was assisting Officer Maxwell in passing out lunch trays in the Detention Facility on September 20, 2019. Maxwell opened the door to cell 43 while Plaintiff stood behind him holding two lunch trays. The prisoner in cell 43 rushed through the door, Maxwell stepped out of the way, and the prisoner pushed against Plaintiff and caused Plaintiff to fall. Plaintiff landed on his right lower back and

1

right hip "on the rail," causing serious physical and emotional injuries. (Doc. No. 13 at 3). "[I]t is questionable whether Officer Maxwell's actions w[ere] intentional when he opened the cell door" due to an incident involving Plaintiff at the Buncombe County Detention Facility in 2015 and 2016 that resulted in litigation in this Court.[1] (Doc. No. 13 at 3-4). Officer Maxwell had told Plaintiff and another inmate on the morning of the incident that the inmate in cell 43 is dangerous.

Officer Maxwell failed to protect Plaintiff from the dangerous inmate in cell 43. Sheriff Miller had an inadequate training program that actually caused the deprivation at issue on September 20. Plaintiff received injuries to the lower right side of his back and his right hip that caused severe pain and extreme emotional shock. Defendant Dodd was deliberately indifferent to Plaintiff's serious medical needs by refusing to refer him for an MRI. Defendant Dow was not functioning as defense counsel when he failed to try and prevent Plaintiff from being returned to the Buncombe County Detention Facility after a Superior Court judge had ordered Plaintiff to be housed at the Madison County Detention Facility for safekeeping following the 2016 incident at issue in Plaintiff's other litigation. Plaintiff would not have been assaulted on September 20 but for counsel's failure to act. Plaintiff seeks damages.

## II.      STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the

---

[1] See 1:17-cv-50-FDW.

plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III.     DISCUSSION

### (1)    Color of Law

Plaintiff alleges that Defendant Dow, who apparently served as Plaintiff's criminal lawyer, was not acting under the color of law for purposes of § 1983. It is unclear whether Defendant Dow

was acting as appointed counsel or retained counsel at the relevant time. In either case, Dow was not acting under the color of law under § 1983 when he was Plaintiff's criminal lawyer.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act "under color of state law" merely by making use of the state's court system.") (quoting Dennis v. Sparks, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980)). Therefore, the claims against Dow will be dismissed.

Plaintiff alleges that Defendant Dodd, a P.A. in the Buncombe County Detention Facility, was not acting under the color of state law at the relevant time. Therefore, the claim against Dodd is subject to dismissal. However, health care providers are generally viewed as acting under the color of state law. West v. Atkins, 487 U.S. 42 (1988); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994). The Court will therefore analyze Plaintiff's deliberate indifference claim against Dodd in the following discussion in an abundance of caution.

## (2)    Failure to Protect

The Eighth Amendment[2] prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from

---

[2] Because it appears that Plaintiff was a pre-trial detainee at the time of the incident, (Doc. No. 1 at 5), his deliberate indifference claim is properly brought under the Fourteenth Amendment rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to an arrestee's deliberate indifference claim); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment); see Lanier v. Henderson Cnty. Det. Ctr., 2016 WL 7007537 at *2, n. 3 (W.D.N.C. Nov. 29, 2016) (noting that the Supreme Court in Kingsley did not explicitly extend the objective reasonableness standard outside the excessive force context).

inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987).

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (internal quotations omitted). To obtain relief under § 1983 on a claim of failure to protect, an inmate must show: (1) he is incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Farmer, 511 U.S. at 834. A prison official is "deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837). "It is not enough to prove that the official should have known of the risk; instead, 'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he should draw the inference.'" Kartman v. Markle, 582 Fed. Appx. 151, 153 (4th Cir. 2014) (quoting Farmer, 511 U.S. at 837). In failure-to-protect cases, "prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm." Raynor v. Pugh, 817 F.3d 123, 128 (4th Cir. 2016) (quoting Prosser v. Ross, 70

5

F.3d 1005, 1008 (8th Cir.1995)). A showing of negligence does not rise to the level of deliberate indifference. <u>Davidson v. Cannon</u>, 474 U.S. 344, 347-48 (1986).

Plaintiff alleges that Officer Maxwell knew that the inmate in cell 43 was dangerous and nevertheless opened the cell door for food service, then stepped out of the way when the prisoner rushed out, knocking Plaintiff down. Plaintiff has sufficiently pled that Officer Maxwell knew that the inmate in cell 43 was dangerous. However, Plaintiff has failed to adequately allege that Officer Maxwell deliberately ignored a substantial risk of harm. Plaintiff's alleged injury was caused when Maxwell stepped out of the charging inmate's way. Officer Maxwell was not required to absorb the inmate's force rather than stepping out of the way and the resulting force on Plaintiff is, therefore, not actionable as failure to protect. <u>See</u> <u>Raynor</u>, 817 F.3d at 128. Plaintiff's failure to protect claim is thus insufficient to proceed and will be dismissed without prejudice.

**(3)**     <u>**Medical Deliberate Indifference**</u>

The constitutional right to humane conditions of confinement as articulated in <u>Farmer</u> encompasses a right to medical care for serious medical needs, including psychological needs. <u>See</u> <u>Estelle</u>, 429 U.S. at 103-04. To state a claim of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. <u>Heyer v. United States Bureau of Prisons</u>, 849 F.3d 202, 210 (4th Cir. 2017) (citing <u>Iko v. Shreve</u>, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Iko</u>, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." <u>Miltier v. Beorn</u>, 896 F.2d 848,

851 (4th Cir. 1990), *overruled on other grounds by* <u>Farmer</u>, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. <u>Miltier</u>, 896 F.2d at 852.

Plaintiff alleges that he suffered severe pain in his back and hip from the September 20 incident. Assuming *arguendo* that this was a serious medical need, Plaintiff has failed to state a claim for deliberate indifference to that need. Plaintiff alleges only that Defendant Dodd refused to refer him for an MRI. Plaintiff does not allege that Dodd withheld treatment altogether or provided treatment that was so grossly inadequate as to shock the conscience. Plaintiff's mere disagreement with Dodd about the need for an MRI is insufficient to state a deliberate indifference claim. <u>See</u> <u>Jackson v. Lightsey</u>, 775 F.3d 170, 178 (4th Cir. 2014) (noting that the Fourth Circuit has consistently found that "[d]isagreement[] between an inmate and a physician over the inmate's proper medical care" falls short of showing deliberate indifference) (quoting <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985)). Therefore, even if Plaintiff had alleged that Defendant Dodd was acting under the color of state law at the relevant time, this deliberate indifference claim would be dismissed without prejudice.

**(4)** **<u>Failure to Train</u>**

To hold a governmental entity liable for a constitutional violation under § 1983, a plaintiff must show that "an unconstitutional custom or usage, i.e., a widespread practice of a particular unconstitutional method," was the cause of a constitutional violation. <u>Randall v. Prince George's Cty.</u>, 302 F.3d 188, 210 (4th Cir. 2002) (internal quotation marks and citation omitted). The "custom or usage" also must be traceable to a municipal policymaker. <u>Id.</u> A plaintiff can satisfy the "custom or usage" requirement for municipal liability in one of four ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train

officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (citations, internal quotation marks, and brackets omitted).

Plaintiff contends that Sheriff Miller had an inadequate training program that was the actual cause the September 20 incident. However, these allegations are too vague and conclusory to state a plausible § 1983 claim. Plaintiff does not allege that an unconstitutional custom or usage caused the alleged constitutional violation; his conclusory allegation of inadequate training does not suffice to state a claim. This claim will therefore be dismissed without prejudice at this time.

In sum, Plaintiff's Amended Complaint, as submitted, is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will allow Plaintiff the opportunity to amend if he so chooses.

## IV.    PENDING MOTIONS

In his Motion Demand for Jury Trial and "Retaliation Affidavit," (Doc. No. 6), plaintiff supplements the Complaint with additional allegations about his § 1983 claims. He also requests a jury trial and claims that he is being retaliated against by being accused of something that he did not do, *i.e.*, using other prisoners' pin numbers. To the extent that Plaintiff attempts to supplement the allegations in his Complaint, this is moot. Plaintiff's Amended Complaint superseded the claims in the original Complaint and piecemeal filings will not be permitted. Plaintiff will be given the opportunity to file a Second Amended Complaint that will supersede the previous Complaints and must contain all the claims for relief that Plaintiff wishes to pursue. Plaintiff's request for a jury trial has been noted.

In his Motion for Enforcement Order, (Doc. No. 10), Plaintiff asks the Court to instruct

Defendants to promptly respond to his most recent grievance about the September 20 incident or to release all grievances and appeals regarding the incident that were not returned to Plaintiff. This Motion will be denied because the Court will not interfere in the Detention Facility's grievance procedure and, to the extent this can be construed as a discovery request, it is premature and has been misdirected to the Court. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition.").

In his Motion Requesting a Copy of Applicable Rules and Procedures, Including Federal Rules of Civil Procedure and the Court's Local Rules, (Doc. No. 11), Plaintiff asks the Court for copies of these rules due to alleged insufficiencies in the Detention Facility's law library. He claims that inmates have no way of receiving materials now that the library system by "machine," and that inmates can only look at cases for 10 minutes at a time and that case citations are required. Plaintiff's request will be denied. The Court's Local Rules and the Federal Rules of Civil Procedure may be accessed on the Court's website, https://www.ncwd.uscourts.gov/, under the "Filing Without an Attorney" tab and the "Pro Se Information" subfolder.

In his "Motion to Report – Retaliation by Defendants," (Doc. No. 12), Plaintiff alleges that Sheriff Miller is retaliating against Plaintiff by failing to provide him with adequate treatment for his serious mental health issues. Plaintiff claims that he has a history of mental health issues and

that he started having problems with his medications shortly after his lawsuit. Plaintiff asks the Court to instruct Miller to stop retaliating with Plaintiff's mental health medications or alternatively to give Plaintiff adequate mental health treatment by a psychiatrist. To the extent that Plaintiff attempted to raise a retaliation claim, it was waived by his failure to include it in his superseding Amended Complaint. To the extent that Plaintiff is attempting to request preliminary injunctive relief,[3] his Motion is too vague and conclusory to support relief.

In his Motion for Leave for Previously Filed Amended Complaint, (Doc. No. 14), Plaintiff asks that the Court accept his Amended Complaint, (Doc. No. 13). A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). None of these conditions had come to pass when Plaintiff filed his Amended Complaint. Therefore, the Motion was not required and it will be denied as moot.

## V.    CONCLUSION

For the foregoing reasons, the Amended Complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days in which to file a Second Amended Complaint in accordance with this Order. The pending Motions are denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 13), is **DISMISSED** pursuant to 28 U.S.C. §

---

[3] "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

1915(e)(2)(B)(ii).

2. Plaintiff shall have thirty (30) days in which to file a Second Amended Complaint, particularizing his claims and providing facts to support his legal claims against each Defendant. If Plaintiff fails to file a Second Amended Complaint accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. Plaintiff's Motion Demand for Jury Trial and "Retaliation Affidavit," (Doc. No. 6), is **DENIED**.

4. Plaintiff's Motion for Enforcement Order, (Doc. No. 10), is **DENIED**.

5. Plaintiff's Motion Requesting a Copy of Applicable Rules and Procedures, Including Federal Rules of Civil Procedure and the Court's Local Rules, (Doc. No. 11), is **DENIED**.

6. Plaintiff's "Motion to Report – Retaliation by Defendants," (Doc. No. 12), is **DENIED**.

7. Plaintiff's Motion for Leave for Previously Filed Amended Complaint, (Doc. No. 14), is **DENIED** as moot.

8. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit a Second Amended Complaint, if he so wishes.

Signed: March 17, 2020

Frank D. Whitney
Chief United States District Judge