IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00311-MR

| CHRISTOPHER LEE MICHELSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| QUINTIN MILLER, et al., | ) | **ORDER** |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Second Amended Complaint [Doc. 16]. Also pending is Plaintiff's Motion to Transfer Case to Another District [Doc. 17]. Plaintiff is proceeding *in forma pauperis*. [Doc. 8].

**I. BACKGROUND**

*Pro se* Plaintiff, a pretrial detainee at the Buncombe County Detention Facility (BCDF), filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Amended Complaint [Doc. 13] was dismissed on initial review and Plaintiff was granted the opportunity to amend.[1] [Doc. 15]. The Second Amended Complaint is now before the Court for initial review. He names as

---

[1] This case was assigned to Judge Frank D. Whitney at that time.

Defendants: Quintin Miller, the Sheriff of Buncombe County; FNU Maxwell, a detention officer at BCDF; Colby Dodd, a physician's assistant at BCDF; and Dustin Dow, a criminal defense attorney.

Plaintiff alleges that, on September 20, 2019, he was helping Defendant Maxwell serve the lunch trays. Defendant Maxwell warned Plaintiff that the inmate in cell 43 was dangerous. Defendant Maxwell then "disregarded the risk," opened cell 43, and quickly stepped out of the way as the dangerous inmate shoved Plaintiff, causing him to fall. [Doc. 16 at 5]. Plaintiff alleges that this incident caused severe pain in his lower back and right hip as well as serious emotional injury. Plaintiff alleges that Defendant Miller's training of detention officers "must have been inadequate" based on Defendant Maxwell's actions and that the failure to train "must be seen to have actually caused the constitutional deprivation at issue." [Doc. 16 at 7].

Plaintiff appears to allege that he went to medical after the incident during lunch service and that Defendant Dodd told him that he probably pulled a muscle. Plaintiff alleges that he returned to medical frequently but he was always told that "it takes time for pulled mus[cles] to heal." [Doc. 16 at 11]. Plaintiff alleges that he never healed and that he is still suffering from constant severe pain. Plaintiff alleges that Defendant Dodd should have considered the September 20, 2019 incident an emergency due to Plaintiff's

2

age[2] and that he should have ordered x-rays. Plaintiff alleges that "it's almost as if [Defendant] Dodd was told not to order x-rays." [Doc. 16 at 11].

Plaintiff alleges that a superior court judge had placed Plaintiff at Madison County Detention Facility for safekeeping. Plaintiff alleges that his appointed criminal attorney, Defendant Dow, was acting under the color of law when he disregarded the safekeeping order and insisted that BCDF "bring [Plaintiff] back" without asking whether Plaintiff felt safe at BCDF.[3] [Doc. 16 at 8]. When Plaintiff asked Defendant Dow to explain his actions, Dow stated that he thought Plaintiff wanted to return to BCDF. Plaintiff alleges that Defendant Dow "was essentially functioning as an officer by assisting the jail [to] have Plaintiff returned despite the Order from a superior court judge" and was deliberately indifferent to Plaintiff's health and safety by allowing Plaintiff to be returned to BCDF. [Doc. 16 at 8].

Plaintiff seeks damages and requests the appointment of counsel

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the

---

[2] According to the Buncombe County Sheriff's Office website, Plaintiff is currently 56 years old. See https://buncombecountyso.policetocitizen.com/Inmates/Catalog; Fed. R. Ev. 201 (addressing judicial notice).

[3] Plaintiff does not allege the dates upon which these transfers occurred.

3

grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at

4

issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999).

Plaintiff attempts to assert a claim against his appointed criminal defense lawyer, Defendant Dow, with regards to Plaintiff's transfers between BCDF and another jail. Although the Second Amended Complaint contains a formulatic recitation of the "color of state law" requirement, Plaintiff makes absolutely no factual allegations to support the contention that Defendant Dow was acting under the color of state law when he had Plaintiff transferred back to BCDF. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). Therefore, the claims against Defendant Dow will be dismissed.[4]

---

[4] Even if Plaintiff could demonstrate that Defendant Dow was acting under the color of state law, his deliberate indifference claim would still be subject to dismissal because Plaintiff has failed to allege that Defendant Dow knew of, and deliberately disregarded, a

5

The Eighth Amendment[5] prohibits the infliction of "cruel and unusual punishments" and protects prisoner from the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). To establish a violation of the Eighth Amendment, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate

---

sufficiently serious risk to Plaintiff's health or safety.

[5] Because Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment rather than the Eighth Amendment, which applies to convicted prisoners. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to an arrestee's deliberate indifference claims). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See, e.g., Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001); Martin, 849 F.2d at 863. In Kingsley v. Hendrickson, the United States Supreme Court held that, to state an excessive force claim, a pretrial detainee must only show that the force "purposefully or knowingly used against him was objectively unreasonable" because, although prisoners may not be punished cruelly or unusually, pretrial detainees may not be punished at all. 576 U.S. 389 (2015). Some circuits have held, in light of Kingsley, that an objective reasonableness standard should apply in custodial contexts beyond excessive force. See, e.g., Hardeman v. Curran, 933 F.3d 816 (7th Cir. 2019) (extending the objective standard to conditions of confinement cases); Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (same); Castro v. City of Los Angeles, 833 F.3d 1060, 1069-70 (9th Cir. 2016) (*en banc*) (extending the objective reasonableness standard to failure to protect claims). The Fourth Circuit has not yet addressed this question. See, e.g., Duff v. Potter, 665 F. App'x 242, 244-45 (4th Cir. 2016) (applying the Kingsley standard to a detainee's excessive force claim but declining to disturb the district court's ruling on plaintiff's claim of deliberate indifference to a serious medical need for procedural reasons). The Court will apply the deliberate indifference standard in this case, as the relevant Fourth Circuit case law has not been overruled and the Fourth Circuit has not expressed any intention to do so. See, e.g., Shover v. Chestnut, 798 F. App'x 760, 761-62 (4th Cir. 2020) (applying the deliberate indifference standard to a pretrial detainee's medical claim without discussing Kingsley).

6

indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

Plaintiff alleges that Defendant Maxwell was deliberately indifferent to his safety by failing to protect him from a dangerous inmate during lunch service. Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (quoting Cortes-Quinoes v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). To obtain relief on a § 1983 failure to protect claim, an inmate must show: (1) he is incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison official had a deliberately indifferent state of mind. Id. at 834. That is, the prison official must know of and disregard a substantial risk of harm. Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837).

Plaintiff has failed to state a plausible claim for failure to protect. While he alleges that Defendant Maxwell knew that the inmate in cell 43 was dangerous, he fails to allege sufficient facts that would give rise to a plausible inference that Defendant Maxwell had a culpable state of mind. The crux of this claim appears to be that Plaintiff faults Defendant Maxwell for moving out of the way to avoid being struck by the inmate, which in turn caused Plaintiff to fall. However, Defendant Maxwell had no constitutional duty to

7

place himself in danger of physical harm so that he would be struck instead of Plaintiff.  See Raynor v. Pugh, 817 F.3d 123, 128 (4th Cir. 2016) (in failure to protect cases, "prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when the intervention would place the guards in danger of physical harm.").  Plaintiff's allegations suggest, at most, that Defendant Maxwell was negligent.  However, negligence does not rise to the level of deliberate indifference and is not a basis for a § 1983 action.  See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).  Therefore, the deliberate indifference claim against Defendant Maxwell for failing to protect Plaintiff from another inmate will be dismissed.

Plaintiff further alleges that Defendant Miller is liable for the lunch incident due to his failure to properly train Defendant Maxwell.  A supervisor may be liable for failure to adequately train or supervise if he had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; the supervisor's response to that knowledge was deliberately indifferent to, or tacitly authorized the alleged offensive practices; and there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  See King v. Rubenstein, 825

8

Case 1:19-cv-00311-MR   Document 18   Filed 09/11/20   Page 8 of 12

F.3d 206, 223–24 (4th Cir. 2016); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff has failed to state a deliberate indifference claim against Defendant Maxwell. His supervisory claim against Defendant Miller for failing to adequately train and supervise Maxwell thus necessarily fails. See generally Waybright v. Frederick Co, Md., 528 F.3d 199, 203 (4th Cir. 2008) ("supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages."). Therefore, the claim against Defendant Miller will be dismissed.

Plaintiff also attempts to state a deliberate indifference claim against Defendant Dodd for inadequate medical treatment. To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate

indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled on other grounds by Farmer, 511 U.S. at 825.

Plaintiff has plausibly alleged that Defendant Dodd was deliberately indifferent by failing to provide Plaintiff with any medical treatment despite Plaintiff's frequent complaints of severe and constant pain. This claim, therefore, will be allowed to proceed.

Plaintiff seeks the appointment of counsel. [See Doc. 16 at 1]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and this request will be denied.

Finally, Plaintiff has filed a Motion to Transfer Case to Another District. [Doc. 17]. Plaintiff appears to allege that Judge Whitney made "prejudicial" statements about Plaintiff's litigation in another § 1983 lawsuit, Civil Case

No. 1:17-cv-00050, which he claims was dismissed based on falsified legal documents and fraud on the court. Venue is correct in this Court and the Plaintiff has stated no legitimate basis for transferring this case to another district. <u>See</u> <u>generally</u> 28 U.S.C. §§ 1391, 1404. Moreover, Judge Whitney is no longer assigned to this case. Even if this Motion were liberally construed as one seeking the undersigned's recusal, it would be denied. Plaintiff has not filed an affidavit setting forth his reasonable belief that the Court has a personal bias or prejudice against him or in favor of an adverse party. <u>See</u> 28 U.S.C. § 144; <u>United States v. Jones</u>, 718 F. App'x 181, 184 (4th Cir. 2018) (a litigant's disagreement with the district court's rulings and baseless allegations of fraud on the court did not warrant the district court's recusal). Nor is any basis for the Court's disqualification present. <u>See</u> 28 U.S.C. § 455.

## IV. CONCLUSION

In sum, Plaintiff's medical deliberate indifference claim will pass initial review against Defendant Dodd. Plaintiff's remaining claims are dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Transfer Case to Another District [Doc. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that this matter shall proceed with respect to Plaintiff's medical deliberate indifference claim against Defendant Dodd, and the Plaintiff's remaining claims are **DISMISSED**.

The Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant Dodd. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant Dodd. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

**IT IS SO ORDERED**.

Signed: September 11, 2020

Martin Reidinger
Chief United States District Judge