IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00311-MR

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> QUINTIN MILLER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the Plaintiff's *pro se* Motion for Summary Judgment [Doc. 33], and on Defendants Roy "Colby" Dodd's Motion to Dismiss [Doc. 42].

## I. BACKGROUND

The Plaintiff, proceeding *pro se*, filed this civil rights action addressing an incident that allegedly occurred while he was incarcerated at the Buncombe County Detention Facility ("BCDF").[1] The Second Amended Complaint passed initial review on a claim of deliberate indifference to a serious medical need against Defendant Dodd, a physician's assistant at BCDF. [Doc. 18].

---

[1] The Plaintiff is no longer incarcerated.

On May 12, 2021,[2] the Plaintiff filed a Motion for Summary Judgment against Defendant Dodd, arguing that judgment should be entered against him due to his failure to appear or otherwise defend this action. [Doc. 33]. On July 21, 2021, Defendant Dodd was granted an extension of time to respond to the Second Amended Complaint and the Plaintiff's Motion for Summary Judgment was held in abeyance pending further order of the Court. [Doc. 41]. On August 5, 2021, Defendant Dodd filed a Motion to Dismiss pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure. [Doc. 42]. The Court notified the Plaintiff of the opportunity to respond to Defendant's Motion and cautioned him that the failure to do so may result in the Defendant being granted the relief that he seeks by way of the Motions to Dismiss. [Docs. 45]. The Plaintiff has not responded to the Motion to Dismiss, and the time to do so has expired. The Motions are now ripe for adjudication.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge. The plaintiff, however, bears the burden of demonstrating personal jurisdiction at every stage

---

[2] The docketing date is used because the Plaintiff was no longer incarcerated at the time.

following such a challenge.  Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).  "[A] Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter."  Grayson, 816 F.3d at 267 (citation omitted).

**B.    Rules 12(b)(4) & (5)**

A motion under Rule 12(b)(4) challenges the sufficiency of process, while a motion under Rule 12(b)(5) challenges the sufficiency of service of process.  See Fed. R. Civ. P. 12(b)(4), (b)(5).  Where a motion to dismiss is filed based on insufficient process or insufficient service of process pursuant to Rules 12(b)(4) and (5), affidavits and other materials outside the pleadings may be properly submitted and considered.  Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987).  When service of process is challenged, the plaintiff bears the burden of establishing that process was sufficient and that service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing Plant Genetic Sys., Inc. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996)); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).  In determining whether the plaintiff has satisfied his burden, the court must construe the technical requirements liberally "as long as the defendant had

actual notice of the pending suit." Id. "When the process gives the defendant actual notice of the pendency of the action, the rules ... are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id.

**C.  Rule 12(b)(6)**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering such a motion, the court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. When considering a motion to dismiss, the Court is obligated to construe a *pro se* complaint liberally, "however inartfully pleaded[.]" Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540 (4th Cir. 2017) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Although the Court accepts well-pled facts as true, the Court is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc.,

4

658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. Namely, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

5

## III. FACTUAL BACKGROUND

Viewing the well-pled factual allegations in the Second Amended Complaint as true, the following is a recitation of the relevant facts.

On September 20, 2019, the Plaintiff was helping to serve lunch trays at BCDF when a detention officer opened a cell door where a dangerous inmate was housed. That cell's occupant shoved the Plaintiff, causing him to fall and resulting in severe pain to Plaintiff's lower back and right hip, and serious emotional injury. Defendant Dodd saw the Plaintiff after the incident and told him that he had probably pulled a muscle. Dodd did not treat the incident as an emergency despite the Plaintiff's age,[3] nor did he order x-rays. The Plaintiff returned to medical "frequently" for these injuries, and he was always told that it takes time for pulled muscles to heal. [Doc. 16 at 11]. The Plaintiff's injuries never healed, and he is still suffering from constant, severe pain. The Plaintiff seeks damages.

---

[3] The Plaintiff was 56 years old at the time the Second Amended Complaint was screened. [See Doc. 18 at 3 n.2].

## IV. DISCUSSION

### A. Service of Process

First, Defendant Dodd asserts that he was not properly served.

The Plaintiff completed a summons form for "Roy 'Colby' Dodd, P.A. in Medical Dept." at "Buncombe County Detention Facility, 60 Court Plaza, Asheville, NC 28801." [Doc. 30 at 1]. The certified mail receipt was signed by an unknown individual on January 13, 2021. [Doc. 30 at 2].

Defendant Dodd asserts that he worked for Wellpath LLC, a medical provided who contracted with BCDF, until 2020. [Doc. 42-1: Dodd Affid. at ¶ 2]. Defendant Dodd was never an employee of BCDC, Buncombe County, or the Buncombe County Sheriff's Office, and he has never authorized an employee of the Sheriff or the County to accept or sign for service of process on his behalf. [Id. at ¶¶ 5, 8]. Nor did Defendant Dodd ever work or reside at 60 Court Plaza, Asheville, NC.[4] [Id. at ¶ 4]. Defendant Dodd did not learn of any potential lawsuit against him until July 2, 2021. [Id. at ¶ 6].

The Plaintiff has not attempted to rebut any of the foregoing. Accordingly, he has failed to carry his burden to establish that Defendant Dodd was properly served, even in light of the liberal construction afforded

---

[4] BCDC's address is 20 Davidson Dr., Asheville, NC 28801. See https://www.buncombe county.org/Governing/Depts/Sheriff/detention-division/default.aspx (last accessed Sept. 17, 2021); Fed. R. Evid. 201.

7

Case 1:19-cv-00311-MR   Document 46   Filed 09/20/21   Page 7 of 12

*pro se* litigants.  The Court therefore concludes that it lacks personal jurisdiction over Defendant Dodd, and this action will be dismissed.  See Stewart v. GM Financial, 2019 WL 5850425 (W.D.N.C. Nov. 7, 2019) (dismissing suit because the summons was sent to the wrong office and was not directed to an officer, director, or other authorized agent).

## B.    Failure to State a Claim

Defendant Dodd further argues that the Plaintiff has failed to state a claim for deliberate indifference to a serious medical need.

The Eighth Amendment encompasses a right to medical care for serious medical needs.[5]  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs.  Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)).  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so

---

[5] Because Plaintiff was a pre-trial detainee at the relevant time, his deliberate indifference claims are properly brought under the Fourteenth Amendment rather than the Eighth Amendment.  See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See, e.g., Mays v. Sprinkle, 992 F.3d 295 (4th Cir. 2021); Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001); Grayson v. Peed, 195 F.3d 692 (4th Cir. 1999); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer v. Brennan, 511 U.S. 825 (1994).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a

prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976).

The Plaintiff alleges that Defendant Dodd told the Plaintiff that he had likely pulled a muscle, declined to treat his case as an emergency, and did not order an x-ray. Defendant Dodd argues that the Plaintiff's allegations fail to show that he acted with a sufficiently culpable state of mind, as the Second Amended Complaint indicates that the Plaintiff received frequent medical attention for his alleged injury, and that Defendant Dodd's mere failure to order x-rays is, at most, medical malpractice rather than a constitutional violation.[6]

The Plaintiff has failed to dispute Defendant Dodd's assertion that he failed to adequately allege that Dodd acted with a sufficiently culpable state of mind, or that the allegations amount to anything more than medical malpractice. Accordingly, the Plaintiff has failed to state a § 1983 claim

---

[6] Defendant Dodd further argues that, to the extent the Plaintiff attempted to state a claim for medical malpractice under North Carolina law, it too should be dismissed. However, the Court did not recognize such a claim on initial review and the Plaintiff did not seek to amend in order to assert such a claim. [See Doc. 18].

10

against Defendant Dodd, and the Motion to Dismiss would be granted on that basis if the Court had jurisdiction over this action.[7]

## C. Plaintiff's Motion for Summary Judgment

The Plaintiff has filed a Motion for Summary Judgment that is construed as seeking default judgment against Defendant Dodd.

For the reasons set forth in this Order, Defendant Dodd was not properly served, and the Court lacks jurisdiction over Defendant Dodd. Accordingly, the Plaintiff's contention that he is entitled to entry of default judgment because Defendant Dodd failed to defend this action is meritless, and the Motion for Summary Judgment will be denied.

## VI. CONCLUSION

For the reasons stated herein, Defendant Dodd's Motion to Dismiss is granted and Plaintiff's Motion for Summary Judgment is construed as a Motion for Default Judgment and is denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant Dodd's Motion to Dismiss [Doc. 42] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

---

[7] The Court does not reach Defendant Dodd's argument that the Plaintiff failed to exhaust his administrative remedies.

11

(2) The Plaintiff's Motion for Summary Judgment [Doc. 33] is construed as a Motion for Default Judgment and is **DENIED**.

(3) The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: September 20, 2021

Martin Reidinger
Chief United States District Judge